**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3088
_____

UNITED STATES OF AMERICA

v.

VICTOR MANUEL ROMERO MACHADO,
a/k/a Victor M. Romero, a/k/a Mario Jaramillo


Victor Manuel Romero Machado,
                                                  Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 2-15-cr-00534-001)
District Judge:  Hon. William J. Martini
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 6, 2017
_____

Before:  CHAGARES, GREENAWAY, JR., and VANASKIE, *Circuit Judges*

(Filed:  August 23, 2017)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

VANASKIE, *Circuit Judge.*

Appellant Victor Romero Machado pleaded guilty to illegally re-entering the United States after removal subsequent to an aggravated felony conviction. Machado now appeals his sentence as substantively unreasonable, even though it falls within the range specified by the Sentencing Guidelines and runs concurrently with a separate New Jersey sentence. Upon review, we find that the District Court appropriately considered the circumstances of the case and the factors prescribed by 18 U.S.C § 3553(a) in reaching its sentence. Because the District Court did not abuse its discretion, we will affirm its sentence and Judgment.

## I.

Victor Romero Machado is no stranger to law enforcement. After first entering the United States illegally in 1994, he was removed upon being convicted of three offenses, including firing a stolen gun in the parking lot of a night club. Machado was again arrested and convicted in 2011 for "attempt to possess dangerous drugs for sale," an aggravated felony under federal law. (Pre-Sentence Report ("PSR") ¶¶ 4, 29; A20, 40.) As a result, he was removed from the country for the second time. This trend continued over the years, as Machado re-entered the United States and was removed four more times.

Most recently, Machado was arrested in New Jersey during September 2013. At the time, he was in possession of 14.8 ounces of heroin within 1000 feet of a public school. In 2015, his conviction for possession of drugs on school property yielded a sentence of six years' imprisonment in New Jersey with a three year term of parole

2

ineligibility. Later in 2015, a federal grand jury indicted Machado for illegally re-entering the United States after removal subsequent to a conviction for the commission of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). Machado pleaded guilty to the indictment via a written plea agreement.

In preparation for Machado's federal sentencing, the Probation Office calculated Machado's total offense level at 17 and assigned him a criminal history category of IV. Accordingly, Machado's Sentencing Guidelines range was calculated at 37 to 46 months. (PSR ¶ 55); *see United States Sentencing Guidelines Manual* ch. 5, pt. A, Sentencing Table. The District Court held a sentencing hearing in June of 2016 at which Machado sought a downward variance, or at least a sentence running concurrently to his New Jersey sentence. He also requested leniency on the basis of several mitigating factors, including: (1) he was facing a six year sentence in New Jersey and had already served significant time on that sentence; and (2) he did not have legal status in the United States and would face additional time in immigration custody pending his deportation. The Government nevertheless requested a sentence within the Guidelines range.

The District Court ultimately imposed a sentence of 46 months' imprisonment—the upper limit of the Guidelines range—to run concurrently with Machado's New Jersey sentence and beginning on the date of sentencing. (A53–55.) Machado had requested that the sentence run concurrently from the date of his federal detainer, but the District

Court declined to backdate the concurrent period. (A55.) Machado now appeals the

sentence as substantively unreasonable.[1]

**II.**

We have previously explained the proper steps a district court must take at

sentencing:

> A district court must begin the process by first calculating the applicable
> Guidelines range. After that initial calculation, the court must then rule on
> any motions for departure and, if a motion is granted, state how the
> departure affects the Guidelines calculation. Finally, after allowing the
> parties an opportunity for argument, the court must consider all of the [18
> U.S.C.] § 3553(a) factors and determine the appropriate sentence to impose,
> which may vary from the sentencing range called for by the Guidelines.

*United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc) (quoting *United

States v. Levinson*, 543 F.3d 190, 194–95 (3d Cir. 2008)).

Where a criminal defendant challenges the substantive reasonableness of a

sentence, we review the district court's determination for abuse of discretion. *Id.* at 564.

In doing so, we bear in mind that "[t]he sentencing judge is in a superior position to find

facts and judge their import under § 3553(a) in the individual case" because "[t]he judge

sees and hears the evidence, makes credibility determinations, has full knowledge of the

facts and gains insights not conveyed by the record." *Id.* at 566 (quoting *Gall v. United

States*, 552 U.S. 38, 51 (2007)).

In making an individualized assessment based on the facts presented, district

courts must provide an explanation "sufficient for us to see that the particular

---

[1] The District Court had subject matter jurisdiction over this criminal case under
18 U.S.C. § 3231. We have appellate jurisdiction over the challenge to the sentence
under 18 U.S.C. § 3742(a).

4

circumstances of the case have been given meaningful consideration within the parameters of [18 U.S.C.] § 3553(a)." *Id.* at 567 (quoting *Levinson*, 543 F.3d at 196). "Ultimately, '[t]he touchstone of "reasonableness" is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a).'" *Id.* at 568 (quoting *United States v. Grier,* 475 F.3d 556, 571 (3d Cir. 2007) (en banc)). Our review is highly deferential and, "if the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Id.* The party challenging the sentence has the burden of demonstrating that the sentence is unreasonable. *United States v. King*, 454 F.3d 187, 194 (3d Cir. 2006).

In determining Machado's sentence, the District Court performed a reasoned and thorough analysis of the circumstances at hand. The District Court pointed out that Machado had been removed from the United States on at least six occasions in the previous twenty years but continuously reentered the country. This constant reentry was significant to the District Court, which implied that with no documented work history and a series of drug charges in his past, there was a possibility that Machado's many border crossings were connected with the drug trade. (A48–49.)

Despite observing that it was not bound by the Sentencing Guidelines, the District Court settled on the maximum sentence under the Guidelines range—46 months followed by three years of supervised release—with the calculated aim of deterring Machado from illegally reentering the United States in the future. (A53.) The District Court observed that there is nothing to indicate that Machado's reentries were motivated by an

understandable or sympathetic reason, such as reuniting with family. (A52.) Rather, the District Court was of the opinion that Machado's border crossings were driven by the opportunity for illicit gains. (*Id.*) The District Court explained that "whatever people's views are on immigration, . . . I think almost everybody unanimously feel[s] that when people come here and not just once but more than once and commit crimes, they need to be punished." (A53.)

The District Court opted to run Machado's sentence concurrently with the state sentence he was already serving, beginning his federal sentence on the date of sentencing despite Machado's request that the sentences run concurrently starting at the time he was arrested and taken into federal custody. This decision was not improper under the circumstances, and Machado's own counsel admitted at sentencing that "normally the sentence would start today [on the date of sentencing] if it's concurrent." (A55.)

Machado had sought leniency at sentencing, arguing that the New Jersey drug sentence he was currently serving was the first significant sentence he had received. As the District Court pointed out, however, Machado had been arrested and convicted of crimes on several occasions, in addition to his previous removals. Machado also explained that he is tired and misses his home, but the District Court quickly dismissed this plea for leniency as inconsistent with Machado's constant reentries.

District courts have wide latitude in setting sentences, and there is no indication that the sentence the District Court arrived at in Machado's case is substantively unreasonable. The considerations of the District Court adequately reflected the § 3553(a) factors.

6

**III.**

For the foregoing reasons, we will affirm the District Court's sentence and Judgment entered June 30, 2016.